UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CRYSTAL SUMMERLOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:08cv437 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This cause is before the Court upon petitioner, Crystal Summerlot's ("Summerlot") "Motion to Proceed In Forma Pauperis" filed on September 22, 2008. Summerlot is seeking review of a decision of the Secretary of Health and Human Services. For the following reasons, Summerlot's's request to proceed without prepayment of fees and costs will be GRANTED.

## DISCUSSION

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs

or give security therefor." 28 U.S.C. § 1915(a). In this case, Summerlot reports that she is currently unemployed. Summerlot further states that she has not received any income in the past twelve months from such sources as business, profession, or other self-employment; rent payments, interest, or dividends; pensions, annuities, or life insurance payments; gifts or inheritances. Summerlot has no money in cash or a savings or checking account and she owns no real estate, stocks, bonds, securities, or other financial instruments, automobiles or any other thing of value. She reports having six dependents and states that "they are supported by TANIF [sic] and one of my son's disability check." In light of her reported financial situation, the Court is satisfied Summerlot meets the statutory poverty requirements under 28 U.S.C. § 1915(a).

The analysis does not end here, however. In assessing whether a petitioner may proceed *in forma pauperis*, the Court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted. *See* 28 U.S.C. §1915(e)(2)(B). In this case, Summerlot adequately sets forth the nature of her claim and her belief that she is entitled to redress. Summerlot's timely-filed complaint provides that she filed a claim for supplemental security income benefits (which claim was denied), appealed from this denial, and exhausted the administrative appeals process without success. Because the petitioner exhausted her administrative remedies, adequately set forth the nature of her action in that complaint, and timely filed her complaint, Summerlot satisfies the second inquiry under 28 U.S.C. § 1915. Thus, this court will grant Summerlot's request to proceed *in forma pauperis*.

By granting Summerlot's *in forma pauperis* application, the Court permits Summerlot to proceed without *prepayment* of the filing fee. If Summerlot's financial situation should improve during the course of litigation, e.g., if she should recover damages as a result of trial or

settlement in this action, Summerlot will be required to repay the full filing fee prior to entry of the court's final order of judgment or dismissal.

## **CONCLUSION**

For the foregoing reasons, Summerlot's request to proceed *in forma pauperis* [DE 2] is hereby GRANTED. In accordance with Fed. R. Civ. P. 4(c)(2), the court hereby APPOINTS and DIRECTS the United States Marshal Service to effect service of process on the defendant in this matter on behalf of the plaintiff.

Entered: October 1, 2008.

s/ William C. Lee
William C. Lee, Judge
United States District Court